IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PABLO DAMIANI-MELENDEZ, :
:
Petitioner, :
:
v. : Civil Action No. 17-126-RGA
:
DANA METZGER, Warden,[1] and :
ATTORNEY GENERAL OF THE :
STATE OF DELAWARE, :
:
Respondent. :

## **MEMORANDUM OPINION**

Pablo Damiani-Melendez. *Pro se* Petitioner.

Brian L. Arban, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

February 11, 2020
Wilmington, Delaware

---

[1]Warden Dana Metzger replaced former Warden David Pierce, an original party to this case. *See* Fed. R. Civ. P. 25(d).


ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Pablo Damiani-Melendez ("Petitioner") is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer asserting that the Petition should be dismissed as time-barred. (D.I. 14) Petitioner filed a Reply in Opposition. (D.I. 25) For the reasons discussed, the Court will deny the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In October 2011, a Delaware Superior Court jury convicted Petitioner of eighteen counts of first degree robbery, thirty-three counts of possession of a firearm during the commission of a felony ("PFDCF"), eleven counts of wearing a disguise, six counts of second degree conspiracy, six counts of aggravated menacing, eight counts of first degree attempted robbery, and one count of first degree reckless endangering. *See State v. Damiani-Melendez*, 2015 WL 9015051, at *2 (Del. Super. Ct. Nov. 25, 2015). The jury acquitted him on various robbery and related charges. (D.I. 14 at 2) Petitioner appealed, and the Delaware Supreme Court affirmed Petitioner's convictions and sentences on October 26, 2012. *See Damiani-Melendez v. State*, 55 A.3d 357 (Del. 2012).

On October 1, 2013, Petitioner filed in the Superior Court a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 17-5 at 18, Entry No. 135) The Superior Court denied the Rule 61 motion on November 25, 2015, and the Delaware Supreme Court affirmed that decision on May 13, 2016. *See Damiani-Melendez*, 2015 WL 9015051, at *10; *Damiani-Melendez v. State*, 139 A.3d 837 (Table), 2016 WL 2928891, at *1 (Del. May 13, 2016). Petitioner filed the instant Petition in

January 2017, asserting that the trial court violated his Sixth Amendment right to self-representation.

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on October 26, 2012, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on January 25, 2013. Applying the one-year limitations period to that date, Petitioner had until January 27, 2014 to timely file a habeas petition.[2] *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until January 26, 2017,[3] three years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

---

[2]The limitations period actual expired on January 25, 2014, which was a Saturday. Therefore, Petitioner had until the end of Monday, January 27, 2014, to timely file a habeas petition. *See* Fed. R. Civ. P. 6(a)(1).

[3]The docket entry for receiving the Petition is dated February 6, 2017. (D.I. 1) However, the Petition is dated January 26, 2017, and Petitioner certifies that the Petition was placed in the "prison e-filing system" that same day. (D.I. 1 at 25) Since the eleven day difference does not alter the Court's conclusion, the Court adopts January 26, 2017 as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

3

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

When Petitioner filed his *pro se* Rule 61 motion on October 1, 2013, 248 days of AEDPA's limitations period had already expired. The Rule 61 motion tolled the limitations period until May 13, 2016, the date on which the Delaware Supreme Court affirmed the Superior Court's denial. The limitations clock started to run again on May 14, 2016, and ran the remaining 117 days without interruption until the limitations ended on September 8, 2016. Consequently, even with the appropriate statutory tolling, the Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560

4

U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).

In his Reply to the State's Answer, Petitioner asserts four arguments for equitable tolling: (1) his legal documents were confiscated or disposed of during the February 2017 prison riot and following his transfer to a Pennsylvania prison in September 2017 (D.I. 25 at 2); (2) after his Rule 61 appeal was decided, Petitioner's post-conviction attorney erroneously told him he had one year to file a federal habeas petition (D.I. 25 at 2); (3) in February 2016, Petitioner's father retained an attorney to file a federal habeas petition, and the attorney waited several months before returning the retainer and informing Petitioner that he did "not do federal habeas corpus" (D.I. 25 at 2); and (4) after his appeal was decided in 2012, Petitioner spent seven months asking for the appointment of post-conviction counsel under the newly revised Rule 61, and eventually ended up filing his own *pro se* Rule 61 motion in October 2013 because he was not informed that post-conviction counsel had been appointed on July 19, 2013 (D.I. 25 at 1-2). Petitioner's arguments are unavailing.

First, the prison riot in February 2017 and Petitioner's transfer to a Pennsylvania prison in September 2017 do not constitute extraordinary circumstances triggering equitable tolling,

5

because those situations occurred after Petitioner filed his Petition in January 2017. In other words, Petitioner cannot demonstrate a causal relationship between the riot and/or prison transfer and his failure to file the Petition in a timely manner.

Second, Petitioner's contention that his post-conviction counsel provided incorrect information about the one-year filing deadline for federal habeas petitions and Petitioner's contention about an additional delay caused by his mistaken belief that another attorney was going to file a federal habeas petition on his behalf ("federal habeas attorney") do not warrant equitable tolling. Although the Supreme Court has recognized that an attorney's egregious error or neglect may constitute an extraordinary circumstance for equitable tolling purposes,[4] an "egregious error" includes instances where an attorney fails to file an appeal after an explicit request from the petitioner,[5] "affirmatively deceives the petitioner about filing a direct appeal," or "persistently neglects the petitioner's case." *Schlueter v. Varner*, 384 F.3d 69, 76-77 (3d Cir. 2004). In this case, Petitioner's post-conviction counsel's erroneous filing advice constitutes "a garden variety claim of excusable neglect [… that] does not warrant equitable tolling." *See Holland*, 560 U.S. at 651-52. Similarly, the federal habeas attorney's delay in informing Petitioner that he could not represent Petitioner in a federal habeas proceeding does not constitute an egregious error for equitable tolling purposes. Even if the Court presumed that Petitioner's post-conviction counsel's advice or the federal habeas attorney's conduct was so egregious that it rose to the level of "extraordinary circumstances," Petitioner has not demonstrated that any alleged ineffectiveness on the part of these two attorneys actually

---

[4]*See Holland*, 560 U.S. at 635-54.

[5]*See Velazquez v. Grace*, 277 F. App'x 258 (3d Cir. 2008).

prevented him from filing the instant Petition in a timely fashion, especially since he was able to file the instant Petition on his own.

Finally, Petitioner's contention regarding the Superior Court's seven month delay in appointing post-conviction counsel to represent Petitioner in his Rule 61 proceeding requires a deeper analysis. The record reveals that Petitioner presented his first letter to the public defender's office on April 17, 2013, asking for help in filing a Rule 61 motion. (D.I. 17-5 at 17, Entry No. 125) He then filed in the Superior Court a letter request for an extension of time to file a Rule 61 motion on April 18, 2013, followed by a letter asking for court appointed counsel on April 29, 2013. (D.I. 17-5 at 17, Entry Nos. 124, 126) On June 3, 2013, Petitioner filed in the Superior Court a letter indicating that he wished legal help to draft and file a Rule 61 motion, followed by another request for counsel on June 21, 2013. (D.I. 17-5 at 17, Entry Nos. 127, 128) On July 2, 2013, Petitioner filed in the Superior Court a motion to appoint post-conviction counsel. (D.I. 17-5 at 17, Entry No. 129) The Superior Court granted the motion on July 19, 2013 and appointed the Office of Conflict Counsel to represent Petitioner in his Rule 61 proceeding. (D.I. 17-5 at 17, Entry No. 130) On September 23, 2013, the Office of Conflict Counsel sent an email to the Superior Court confirming that a specific attorney – Kevin Tray, Esquire – had been appointed as conflict counsel to represent Petitioner. (D.I 17-5 at 17, Entry No. 132) Petitioner, however, asserts that he was never informed about the general appointment of counsel on July 19, 2013 or about Mr. Tray's appointment and, therefore, he filed a *pro se* Rule 61 motion on October 1, 2013. (D.I. 17-5 at 18, Entry No. 134; D.I. 25 at 1-2)

The May 6, 2013 version of Rule 61(e)(1) that was in effect while Petitioner was seeking legal representation for the Rule 61 motion he wished to file provided, "The court will appoint

counsel for an indigent movant's first postconviction proceeding." *See* Del. Super. Ct. Crim. R. 61(e)(1) (2013); *State v. Woods*, 2014 WL 436903, at *3 (Del. Super. Ct. Aug. 27, 2014). Nothing in the instant state court record indicates that Petitioner filed a Rule 61 motion prior to, contemporaneously with, or subsequent to his July 2, 2013 filing of a motion for the appointment of post-conviction counsel. Nevertheless, when the Superior Court granted Petitioner's motion to appoint counsel on July 19, 2013, it stated that the "Office of Conflict Counsel is appointed to represent [Petitioner] in the **above-captioned Rule 61 proceeding**." (D.I. 17-5 at 17, Entry No. 130) (emphasis added) While impossible to verify, the language used by the Superior Court suggests that the state court somehow construed Petitioner's July 2, 2013 motion to appoint post-conviction counsel as a potential contemporaneous Rule 61 motion.

Unfortunately, the state court record does not include a copy of Petitioner's July 2, 2013 motion to appoint post-conviction counsel for the Court to review. However, given the lack of clarity surrounding the Superior Court's reason for appointing post-conviction counsel on July 19, 2013[6] and its explicit reference to "the above-captioned Rule 61 proceeding" when appointing counsel, as well as the explicit terms of the version of Rule 61(e)(1) in effect in July 2013, the Court will exercise prudence and view the July 2, 2013 motion to appoint post-conviction counsel as also constituting a request for relief under Rule 61.[7] Consequently, the Court concludes that the limitations period should be equitably tolled from July 2, 2013 through

---

[6]Inexplicably, when denying Petitioner's Rule 61 motion, the Superior Court stated post-conviction counsel was appointed to represent Petitioner **after** he filed his *pro se* Rule 61 motion on October 1, 2013. *See Damiani-Melendez*, 2015 WL 9015051, at *2.

[7]The Court has chosen the July 2, 2013 motion to appoint post-conviction counsel as the relevant document for equitable tolling purposes because Petitioner's earlier requests for counsel were letters, not motions. In addition, the Superior Court did not issue any orders with respect to Petitioner's other letter requests, thereby demonstrating that it did not construe those letters as potential Rule 61 motions.

8

October 1, 2013 (the date on which Petitioner filed his *pro se* Rule 61 motion), and then statutorily tolled from October 1, 2013 through May 13, 2016 (the date on which the Delaware Supreme Court affirmed the Superior Court's denial).

In this scenario, 157 days of the limitations period had expired when Petitioner filed the motion to appoint post-conviction counsel on July 2, 2013. The limitations clock started to run again on May 14, 2016, and ran the remaining 208 days without interruption until the limitations period ended on December 8, 2016. In short, this additional equitable tolling does not render the Petition timely filed. Accordingly, the Court will dismiss the instant Petition as time-barred.

### III. PENDING MOTION

In July 2019, Petitioner filed a third Motion to Appoint Counsel. (D.I. 29) Having determined that the instant Petition is time-barred, the Court will dismiss Petitioner's Motion to Appoint Counsel as moot.

### IV. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred, and reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons discussed, the Court will dismiss the Petition as time-barred without holding an evidentiary hearing. An appropriate Order will be entered.